# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE A. HESKETT, | Case No. 1:25-cv-00274-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S COUNSEL'S UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)** |
| v. | |
| FRANK BISIGNANO, | |
| Commissioner of Social Security, | (Doc. 19) |
| Defendant. | |

## I.    INTRODUCTION

On May 11, 2026, Sherianne Laba, Esq ("Counsel"), counsel for Plaintiff Diane A. Heskett ("Plaintiff"), filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) ("section 406(b)"). (Doc. 19.)  That same day, the Court issued a minute order requiring Plaintiff and the Commissioner to file their responses in opposition or statements of non-opposition to Counsel's motion, if any, in accordance with the Local Rules. (Doc. 20.)  Plaintiff and the Commissioner were served with copies of the motion for attorney's fees and the minute order. (Doc. 19 at 6; Doc. 22.)

That same day, the Commissioner filed a response, indicating that he "neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b)." (*See* Doc. 21 at 2.)  Plaintiff did not file any objection to the motion by the deadline, and no reply brief was filed. (*See* Docket.)

For the reasons set forth below, Counsel's unopposed motion for an award of attorney's fees is granted in the amount of $12,946.75, subject to an offset of $5,366.86 in fees already received pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (*see* Doc. 18; Doc. 19

at 2).

## II.     BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for disability benefits under the Social Security Act.  (Doc. 1.)  The Court reversed the Commissioner's denial of benefits and remanded the case to the agency for further proceedings.  (Doc. 15.)  Judgment was entered in favor of Plaintiff and against the Commissioner on July 17, 2025.  (Doc. 16.)  The parties stipulated to an award of $9,000.00 in attorney fees under EAJA, which was entered on August 18, 2025.  (Docs. 17, 18.)

On April 28, 2026, the Commissioner issued a letter to Plaintiff approving her claim for disability benefits and awarding her $51,787.00 in back payments.  (*See* Doc. 19-1.)  On May 11, 2026, Counsel filed a motion for attorney's fees in the amount of $12,946.75, which is equal to 25% of Plaintiff's back benefits, with an offset of $5,366.86 for EAJA fees already received.  (*See* Doc. 18; Doc. 19 at 2.)  It is Counsel's motion for attorney's fees, to which no opposition has been filed, that is currently pending before the Court.

## III.     DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants.  Section 406(b) provides the following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).  "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)).  The Acting Commissioner has standing to challenge the award, despite that the section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs*., 864 F.2d

324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.  The goal of fee awards under section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted.  *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable.  *Gisbrecht*, 535 U.S. at 808–09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements).  "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'"  *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808).  The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id*.  (citing *Gisbrecht*, 535 U.S. at 807–08).

Here, the fee agreement between Plaintiff and Counsel, signed by both parties, provides:

> I have been advised by my attorney that Social Security is authorized to withhold one-fourth (25%) of whatever past-due benefits are allowed me and/or my dependents based on my Social Security account or the Social Security account on which I am applying for benefits.  I have also been advised by my attorney that for representing me in U.S. District and/or appellate court, my attorney may seek

payment of an attorney fee pursuant to the provisions of the Equal Access to Justice Act (hereinafter "EAJA") for fees and expenses incurred in the Federal Court, and after remand by the Federal Court to Social Security, if applicable.  I further understand that any fee awarded to my attorney for the Court representation is separate from work performed at the administrative level.  **Fees held in escrow, including but not limited to the EAJA, may be applied to any fees including a 406(a) petition and/or costs that I owe to my attorney at the conclusion of the case.**  Fees for administrative work are covered by a separate fee agreement and are applicable if counsel represents the claimant administratively also. I understand that representation in court will not cost me more than 25% of the past due benefits for my dependents, if applicable, and myself.

An attorney who successfully represents a Social Security benefits claimant in court may be awarded as part of the judgment "a reasonable fee … not in excess of 25 percent of the …. past-due benefits" awarded to the claimant.  Under EAJA, a party prevailing against the United States in court may be awarded fees payable by the United States if the Government's position in the litigation was not substantially justified.

I assign my rights under the EAJA to my attorney and authorize any fee awarded under the EAJA to be paid directly to my attorney.  I understand that the fees are payable to the law firm of Osterhout Berger Daley and not necessarily to the individual attorney(s) who represented me. Any costs owed to OBD, including local counsel fees, can be subtracted from the EAJA refund.  If my attorneys receive an EAJA check made payable to me, I hereby explicitly give authority to my attorneys to endorse the check with my name and deposit it in my attorneys' general office account.  I agree that any EAJA fee should be delivered to my attorneys. If the government collects a debt that I owe from the EAJA fee, I understand that I still must pay the fee to my attorneys.

In the event Social Security releases to me any amount of past-due benefits which, pursuant to statute, should have been withheld, I shall pay this amount to my attorney and said amount shall be placed in an escrow account until such time as a final authorization to pay an attorney fee has been made by Social Security.

(Doc. 19-2 (signed February 28, 2025) (emphasis in original).)

The Court has considered the character of Counsel's representation of Plaintiff and the good results achieved by Counsel, which included an award of benefits.  Counsel's firm spent 39.55 hours representing Plaintiff, ultimately gaining a favorable decision in that the Commissioner's decision was reversed and remanded to the agency for reconsideration.  (Doc. 19 at 2, 4; Doc. 19-4 (time sheets accounting for 39.55 hours in attorney and paralegal time spent representing Plaintiff before this Court).)  There is no indication that a reduction of the award is warranted due to any substandard performance by Counsel, as Counsel secured a successful result for Plaintiff.  There is also no

evidence that counsel engaged in any dilatory conduct resulting in delay.

Although the accepted range in the Fresno Division for attorneys with ten to twenty years of experience (*see* Doc. 19-3) is between $250 and $325 per hour, and rates for paralegal work in the Fresno Division range from $75.00 to $150.00, in non-contingency cases*, see Webb v. Cnty. of Stanislaus,* No. 1:19-cv-01716-DAD-EPG, 2022 WL 446050, at *6 (E.D. Cal. Feb. 14, 2022), here the effective blended hourly rate requested equals $327.35 per hour. (*See* Doc. 19 at 4.)  This hourly rate is not excessive when compared to what the Ninth Circuit has approved in cases involving Social Security contingency fee arrangements.  *See Crawford*, 586 F.3d 1142, 1153 (9th Cir. 2009) (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also Thomas v. Colvin*, No. 1:11-cv-01291-SKO, 2015 WL 1529331, at *2−3 (E.D. Cal. Apr. 3, 2015) (upholding an effective hourly rate of $1,093.22 for 40.8 hours of work); *Jamieson v. Astrue*, No. 1:09-cv-0490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (upholding an effective hourly rate of $1,169.49 for 29.5 hours of work); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (upholding an effective hourly rate of $1,546.39 for 9.7 hours of work); *Villa v. Astrue,* No. CIV-S−06-0846-GGH, 2010 WL 118454, at *1−2 (E.D. Cal. Jan. 7, 2010) (approving section 406(b) fees exceeding $1,000 per hour for 10.4 hours of work, and noting that "[r]educing § 406(b) fees after *Crawford* is a dicey business").  Further, attorney's fees in the amount of $12,946.75 do not exceed 25% of the past-due benefits awarded and are not excessive in relation to the past-due award.  *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12-cv-01030-AWI-SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $24,350.00); *Thomas*, 2015 WL 1529331, at *3 (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12-cv-00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $20,577.57); *Jamieson*, 2011 WL 587096, at *2 (recommending an award of attorney's fees pursuant to section 406(b) in the amount of $34,500).

In making this determination, the Court recognizes the contingent-fee nature of this case and

Counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting *Gisbrecht*, 535 U.S. at 807)). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Counsel accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. (*See* Doc. 19-2.) Working efficiently and effectively, Counsel secured a remand, and ultimately, the award of substantial benefits to Plaintiff. (*See* Docs. 15, 19-1.)

An award of attorney's fees in the amount of $12,946.75 is, therefore, appropriate. An award of fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. As Plaintiff was previously awarded $9,000.00 in fees pursuant to the EAJA (*see* Doc. 18), of which $3,633.14 was used to pay the Plaintiff's debt to the Government (*see* Doc. 19 at 2), Counsel shall refund the net balance of $5,366.86 to Plaintiff.

#### IV.    CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Counsel pursuant to section 406(b) are reasonable. Accordingly, IT IS ORDERED that:

1.    Counsel's unopposed motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $12,946.75 (Doc. 19) is granted;

2.    Counsel shall refund to Plaintiff $5,366.86 of the fees awarded as an offset for the EAJA fees previously received pursuant to 28 U.S.C. § 2412(d); and

3.    Counsel for Plaintiff shall file on the Court's docket proof of service of this order upon Plaintiff at her current or last known address.

IT IS SO ORDERED.

Dated:    **June 3, 2026**                                    /s/ *Sheila K. Oberto*
                                                         UNITED STATES MAGISTRATE JUDGE

6